GREEN, J-
delivered the opinion of the court. .
The Union Bank moved against the plaintiff in error, sheriff of Sevier county, for an insufficient return on an execution that had come into the hands of the deputy sheriff. After the motion was made, the sheriff moved the court to permit the deputy to amendhis return, which application was refused, and a judgment was rendered against him and his securities, from which judgment this appeal in error is prosecuted.
In the case of Mullins vs. Johnson & Rayburn, (3 Hump. R. 396,) This court held, that an officer cannot be permitted to amend his return, so as to avoid a motion pending against him for not having made a return.
1. It would be, in our opinion, too strong a temptation to the officer, to so amend his return, as to shield him from the pending action, though it might be at the expense of truth. And we can perceive no difference in the application of this reasoning, for the deputy to amend, and thereby protect his principal, and as a necessary consequence, protect himself from liability to his principal.
2. The ex.ecution was in the name of the “President and Directors of the Bank of Tennessee,” and the motion is, on behalf of the “President, Directors and Company of the Union Bank of the State of Tennessee.” This is an immaterial variance.
3. No security was given for’ costs of this proceeding. The execution of a bond with security for cost, is not essential to the *28 jurisdiction of the court. The defendant should have moved in the Circuit Court to dismiss the suit for want of the security-required by law, not having done so, the objection was waived.
Let the judgment be affirmed.